MIDDLE DISTRICT, HARRISBURG, 1856.

# Reynolds *versus* The State Mutual Insurance Co.

1. One who occupies under an article of agreement to purchase, and upon which he has made a payment, but for which he has no deed, cannot conceal the facts, and have it insured as his own, for an amount larger than he has paid.

ERROR to the Court of Common Pleas of *Dauphin county*.

This was an action by plaintiff in error, to recover from defendant, the amount of certain insurance, on the stable of the property known as the "American House," Hollidaysburg. The plaintiff purchased it December 20, 1851, for $9000, by article of agreement, and took possession of it April 1, 1852. Plaintiff built three dwelling-houses on the property during his possession of it, and before the insurances were effected, and paid $268.66 to apply on the purchase-money. He expended about $1500 in repairing the hotel, stabling, and shed. On the 31st of August, 1852, he insured with the defendants, $1500 for three years, on his stabling, then valued at $2000, and paid on said insurance cash, premium $45, for policy $1.50, and gave premium note for $90, which was afterwards collected by suit.

He also effected an insurance with the same defendants, for the same length of time, on the hotel portion of the premises, to the amount of $2500. It appears he had an insurance elsewhere of $1000 on his furniture. At the time of the insurance he was asked, "Is it encumbered? If so, to what amount," to which he answered, "No." The application in writing signed by the plaintiff, contained the following agreement :

" And the said applicant hereby covenants and agrees, to and with said company, that the foregoing is a just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, and value of the property to be insured, so far as the same are known to the applicant, and are material to the risk ; and the said applicant further agrees, that if any alterations in or about the premises described are made, which materially affect the risk, he will notify said company of such alterations."

The stable was destroyed by fire, June 1, 1854.

The question here decided, arose upon defendant's third ground of defence, which can best be understood by the following charge of the court on that point, by PEARSON, J., to the jury, in which the facts are fully stated.

" 3. The plaintiff, on making application to have his property insured, was asked, ' Is it encumbered ?  If so, to what amount ?' He answered ' *no*,' which is a clear negative to the whole interrogatory.  The defendant says this answer is false.  At the time of making this application, it appears that Mr. Reynolds, the applicant, had an article of agreement for the purchase of a hotel and stables in Hollidaysburg, at the price of $9000, on which he had paid $268.66, at the time of insurance.  When the loss occurred, his payments amounted in all to from $1000 to $1500.  At the time of insuring the stable, he also obtained from the same office a policy upon the house for $2500, making in all the sum of $4000.

" It is probably well known to most persons, that insurance companies are unwilling to underwrite a policy, to an amount exceeding about two-thirds of the value of the building.  It is against public policy, as well as the safety of underwriters, to permit the holder of property to insure it to an amount far beyond the interest which he has in the estate.  Such a course would be holding out a direct premium for carelessness, or the intentional destruction of the property insured.  Hence every prudent company is careful to ascertain the value of the building, whether encumbered or otherwise, and the nature of the estate which the insured has therein.  We find that course pursued here.  Although the applicant is not directly asked, ' Do you own the estate ?' yet it is asked by the clearest imputation. In the first place, he sets out by representing that his new frame stable is worth $2000.  He is then questioned, is it encumbered ? and answers in the negative.  The 2d No. in the conditions annexed to the policy says : ' If the interest in the property to be insured be a household, *or other interest not absolute*, it must be stated in the policy, otherwise the policy shall be void.'  In the 17th No. of the conditions, it is provided, ' In all cases of application for insurance in this company, the applicant shall state

the true value of the property, and also the encumbrance on the same,' and provision is also made, that in case an encumbrance should afterwards be executed upon the property insured, sufficient to reduce the *real interest* of the insured in the same, to a sum only equal to or below the amount insured, and he shall neglect to give notice thereof, and obtain consent, &c., the policy shall be void. There is no misunderstanding what was meant by the parties in this case, from the whole scope of the application and policy on which the suit is brought; (and the two must be construed together, as if one instrument, in interpreting the contract.) It was obviously the intention of the underwriters to learn substantially the interest which the insured had in the estate, and it was the duty of the latter to make it known. Had the applicant stated, this property is worth $9000, but my interest in it is $268.66, no sane man can suppose that any person of ordinary business capacity would have insured it to the amount of $4000.

"Was the property encumbered? The plaintiff's counsel contends that it was not—that there can be no encumbrance but a judgment mortgage, or recognizance. We consider that writings of this character should be construed, rather by the whole scope and intention of the instrument, than by any legal and technical rule; that words in a contract must be understood by courts, as they are ordinarily in society, and we cannot doubt that men generally understand any valid claim, held for the payment of money out of real property, and which must be paid before the holder of an estate can acquire a title, as an encumbrance upon it. Webster defines it to be ' a legal claim on the estate of another,' ' a clog, impediment, embarrassment,' &c. Wharton, in his Law Dictionary, defines it to be ' a *claim, lien,* or *liability attached to property.*' Bouvier says: 'It is the right of a third person in land, to the diminution of its value,' &c. Also, that any outstanding older and better title, will be considered an encumbrance, &c. It is, in our opinion, a less technical expression than the word *lien:* yet the latter is defined by Bouvier, in its largest sense to 'include every case in which real or personal property is charged with *any debt or duty.*' Every vendor of real estate has an equitable lien for the unpaid purchase-money : although it is true that our courts will not recognize that equity, where he has parted with the legal title. In the present case, the legal title was retained by the vendors. The vendee had but an equity, and the estate was encumbered with nearly the whole purchase-money. The insured could not demand a title until he had paid $4000, and must then encumber the property with a mortgage for the unpaid residue. We also consider the insured had not an estate *absolute.* It is obvious that in speaking of ' a household interest, *or other estate not absolute,*' the

[Reynolds v. The State Mutual Insurance Co.]

company had in view the necessity of its officers knowing the character of the insured's interest in the property. A fee simple is an estate absolute. Here Mr. Reynolds had no absolute estate of the kind, but a mere equity, to be changed to a fee simple estate on paying the purchase-money. The absolute estate remained in the vendors. The provision in the 17th condition shows that the underwriters intended to be relieved, if the insured permitted his "*real interest*' in the estate to be reduced by encumbrances, so as to render him interested in having it destroyed. We cannot believe they would *intentionally* be guilty of the absurdity of making such a provision, and yet at the very time of insurance, have the property encumbered with purchase-money to its full value. For these reasons I am clearly of the opinion that the defendant is not liable on this policy, and that the plaintiff is not entitled to recover."

Of this charge plaintiff complains.

*Rawn* and *Fox*, for plaintiff in error, cited Angell on Ins. §§ 57-59, 66, 67, 181, 183-187 ; 2 Har. 393 ; 10 Pick. 40 ; 18 Id. 419 ; 12 Wend. 507 ; 16 Id. 385 ; 1 Saund. 551 ; 2 Am. Lead. Cases, 457 ; Marshall on Ins. 208, 209.

*Flemming* and *Kunkel*, for defendant in error, cited *Davenport* v. *The New England Mutual Fire Insurance Co.*, 6 Cush. 140.

The opinion of the court was delivered November 11, 1856, by BLACK, J.—The case of the plaintiff below had one fatal defect in it. He was not the owner of the property insured, and did not disclose the real situation of his title in the application. He had made a contract for the purchase of it, and had paid a small sum upon it, but not nearly so much as the amount insured. Of course, I will not say that an equitable owner has not an insurable interest, nor do I assert that one who has bought and paid for property, is bound to mention when he gets it insured, that the deed has not yet been executed. But when the purchase-money has been only partially paid, his interest or estate in the land goes no further than the payment, and the insurer always has a right to know what it is. If we regard the difference between a legal and an equitable title as totally immaterial, (and perhaps we ought so to regard it,) then the unpaid balance of the purchase-money must be treated as an encumbrance. What we decide now is this simple point ; that one who occupies property for which he has no deed, but which he has agreed to purchase, cannot conceal the facts, and have it insured on his own account, for a larger sum than the amount of the purchase-money he has actually paid at the time of the

[Hammon *v.* Fisher.]

insurance. With this rule standing directly in his way, the plaintiff could not possibly recover, and the other questions raised in the argument, are therefore of no importance.

Judgment affirmed.